United States Courts
Southern District of Texas
FILED

OCT 1 8 2023

Nathan Ochsner, Clerk of Court

IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARFLET MARINE, S.A., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | Admiralty Fed. R. Civ. P. 9(h) |
| | § | |
| EVEREST SPIRIT HOLDING, LLC, | § | |
| *in personam*, and | § | |
| M/V EVEREST SPIRIT, her engines, tackle, | § | |
| appurtenances, etc., *in rem* | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES Plaintiff, **MARFLET MARINE, S.A.** ("MARFLET"), Plaintiff herein, and files its Plaintiff's Original Verified Complaint against Defendants, **EVEREST SPIRIT HOLDING, LLC**, *in personam*, and **M/V EVEREST SPIRIT**, her engines, tackle, appurtenances etc., *in rem*. In support thereof, MARFLET would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1.1     This is a suit for a maritime tort and a maritime lien within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with Section 1333 of Title 28 of the United States Code, Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, and Section 31301 of Title 46 of the United Sates Code.

1.2     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas

and a substantial part of the property that is the subject of the action is situated in the Southern District of Texas. Additionally, the vessel M/V EVEREST SPIRIT ("EVEREST SPIRIT") is currently berthed at the NuStar Terminal, Corpus Christi, Texas, which is within the Southern District of Texas.

## II. PARTIES

2.1    MARFLET is a limited company duly organized and existing under and by virtue of the laws of Spain, with its principal office located in Madrid, Spain. MARFLET is the owner of the vessel M/V VIRGEN DEL CISNE.

2.2    Defendant, Everest Spirit Holding, LLC, *in personam* ("Everest Spirit Holding"), is a limited liability company that is, upon information and belief, managed by Teekay Marine Singapore ("Teekay"). Teekay is organized and under and by virtue of the laws of Singapore, with its principal office located in Singapore. Upon information and belief, Everest Spirit Holding is the owner and/or operator of M/V EVEREST SPIRIT, and Teekay is the manager of both Everest Spirit Holding and M/V EVEREST SPIRIT.

2.3    Defendant, M/V EVEREST SPIRIT, *in rem*, is a crude oil tanker, 249.9 meters in length, flagged in the Bahamas, bearing IMO # 9281009, and is currently within the Southern District, Corpus Christi Division, and currently within the jurisdiction of this Honorable Court.

## III. FACTS

3.1    On or around October 15, 2023, the vessel EVEREST SPIRIT was transiting through the Port of Corpus Christi ship channel. Another vessel, M/V VIRGEN DEL CISNE, was safely moored alongside the Buckeye Texas Hub Terminal ("Buckeye Terminal") in the Port of Corpus Christi, engaged in cargo operations. The Buckeye Texas Hub Terminal is owned and operated by Buckeye Texas Hub, LLC.

3.2   Whilst transiting through the channel, EVEREST SPIRIT was transiting at an unreasonable rate of speed, and caused a surge. The resulting surge and wake generated by EVEREST SPIRIT caused significant physical damage to the vessel VIRGEN DEL CISNE, as she was pushed up against the Buckeye Terminal's dock facility. The VIRGEN DEL CISNE will also sustain economic loss of use/loss of hire damages resulting from the surge caused by EVEREST SPIRIT. The vessel VIRGEN DEL CISNE is a product tanker, flagged in Cyprus, and bearing IMO # 9428372.

3.3   Additionally, as set forth above, when EVEREST SPIRIT surged VIRGEN DEL CISNE, the vessel VIRGEN DEL CISNE was pushed up against the Buckeye Terminal's dock facility. When VIRGEN DEL CISNE was pressed against the Buckeye Terminal, the Buckeye Terminal also sustained significant physical damages to the terminal equipment. The Buckeye Terminal has also sustained economic loss of use damages resulting from the time period that its terminal will be out of operation. The Buckeye Terminal has requested security from MARFLET, pursuant to Supplemental Admiralty Rule E(5), resulting from the damages sustained by the Buckeye Terminal.

3.4   At the time of the surge at issue, and at all other relevant times, the EVEREST SPIRIT and VIRGEN DEL CISNE were in the navigable waters of the United States of America, within the Southern District of Texas.

## IV. CLAIMS

4.1   Everest Spirit Holding and EVEREST SPIRIT are liable for MARFLET's damages, in that such damages resulted from and were caused by negligent acts and/or omissions of Everest Spirit Holding and EVEREST SPIRIT, her officers, crew, agents, representatives,

and/or employees. These negligent acts and/or omissions include, without limitation, the following:

    (a)    failing to use reasonable care in preventing the surge and wake damage;

    (b)    failing to use reasonable care in limiting the severity of the surge and wake damage;

    (c)    failing to exercise reasonable care in monitoring the surrounding conditions;

    (d)    failing to exercise reasonable care in compensating for the surrounding conditions;

    (e)    failing to maintain a safe speed; and

    (f)    failing to keep a proper lookout;

4.2    Each of the foregoing acts or omissions constitute negligence that proximately caused the incident and MARFLET's damages, and Everest Spirit Holding and EVEREST SPIRIT are liable for these acts or omissions. Additionally, each of the foregoing acts or omissions constitute negligence that proximately caused the incident and Buckeye Terminal's alleged damages, and Everest Spirit Holding and EVEREST SPIRIT are liable for these acts or omissions.

4.3    MARFLET invokes and relies upon the doctrine of *res ipsa loquitor* because the character of the incident was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence exclusively was within Everest Spirit Holding's and EVEREST SPIRIT's control.

4.4    Each of Everest Spirit Holding's and EVEREST SPIRIT's acts and/or omissions was a proximate case of the surge, and of actual, incidental, and consequential damages to both MARFLET by the Buckeye Terminal. Those damages include, but are not limited to, response costs, reasonable and necessary costs and expenses for surveys, inspections, repairs, business interruption, loss of use, loss of hire, loss of profits, and claimed demurrage. MARFLET estimates

that the total damages sustained by both MARFLET and the Buckeye Terminal, relating to the surge at issue, are approximately $4,000,000.00.

4.5	At all times material, MARFLET has mitigated its damages in a commercially reasonable manner.

## V. PRAYER

WHEREFORE, PREMISESS CONSIDERED, Plaintiff, MARFLET MARINE, S.A. respectfully requests and prays for the following:

(a)	That process in due form of law, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against Everest Spirit Holding and M/V EVEREST SPIRIT, her engines, tackle, appurtenances etc., and that all persons owning or claiming any interest in EVEREST SPIRIT may be cited to appear and answer the matters aforesaid, and that EVEREST SPIRIT, her engines, tackle, appurtenances, etc., shall be seized and may be condemned and sold to pay the demands of MARFLET aforesaid, together with interest, fees and costs, pursuant to Supplemental Admiralty Rule C;

(b)	That a Rule C lien may be declared to be a valid and subsisting lien upon EVEREST SPIRIT, her engines, tackle, appurtenances, etc., and prior and superior to the interest, liens and claims of any and all persons, firms or corporations whatsoever;

(c)	That judgment be issued against Everest Spirit Holding and EVEREST SPIRIT and her engines, tackle, appurtenances, etc., *in rem,* in the full amount demanded under this Complaint, as it may be amended, plus interest, charges, the cost of seizure and custodian expenses, other costs and attorney's fees, as well as any and all other

amounts required to be paid to MARFLET as a result of its damages described above;

(d) That in due course, EVEREST SPIRIT be ordered sold, and that the proceeds of the sale be applied to the amounts owed to MARFLET; and

(e) That MARFLET have such other and further relief as in law, admiralty, and justice it may be entitled to recover.

Respectfully submitted,

By: /s/ Dabney W. Pettus
Dabney Welsh Pettus
State Bar No. 24033443
Federal ID No. 29959
dpettus@welderleshin.com
Paul M. Mullen
State Bar No. 24119325
Federal ID No. 3745631
pmullen@welderleshin.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF, MARFLET MARINE, S.A.**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telefax

IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARFLET MARINE, S.A., § § Plaintiff, § § v. § § EVEREST SPIRIT HOLDING, LLC, § *in personam*, and § M/V EVEREST SPIRIT, her engines, tackle, § appurtenances, etc., *in rem* § § Defendants. § | CIVIL ACTION NO. _____ Admiralty Fed. R. Civ. P. 9(h) |

### VERIFICATION AND DECLARATION OF DABNEY W. PETTUS

My name is Dabney W. Pettus. I am over the age of 21, of sound mind, and have never been convicted of a felony. I am a lawyer representing Plaintiff, MARFLET MARINE, S.A., and am authorized to make this verification and declaration on behalf of Plaintiff, MARFLET MARINE, S.A.

I have read the FACTS section of Plaintiff's Original Verified Complaint and know the contents thereof. Based upon my own personal knowledge and records kept in the ordinary course of business, the information contained in the FACTS section of said Plaintiff's Original Complaint is true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Signed on October 18, 2023, in Corpus Christi, Texas.

_____
Dabney W. Pettus

SWORN to and SUBSCRIBED to before me by the said Dabney W. Pettus, on this 18th day of October, 2023.

_____
Notary Public, State of Texas



ANNA BELLA COVARRUBIAS
My Notary ID # 133928099
Expires August 12, 2026

353858
4709.4289

7