United States District Court
Southern District of Texas
**ENTERED**
March 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARFLET MARINE, S.A., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00262 |
| | § | |
| EVEREST SPIRIT HOLDING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation

("M&R"). (D.E. 111). The M&R recommends the Court:

- **GRANT in part** Buckeye's partial motion for summary judgment on liability issues, (D.E. 69), and find Buckeye has no liability for the underlying surge incident, and **DISMISS** all claims against Buckeye brought by the other parties to this action;
- **DENY in part** Buckeye's partial motion for summary judgment on liability issues, (D.E. 69), and decline to find at the summary judgment stage that the other party Vessel Interests are liable jointly and severally for Buckeye's provable damages as there is a question of fact as to which issue should be presented at trial;
- **GRANT** Buckeye's partial motion for summary judgment on VDC Interests' damages, (D.E. 70);
- **GRANT in part** Everest Spirit's Interests' motion to join in and supplement Buckeye's motion on VDC Interests' damages, (D.E. 77), as to (1) VDC Interests' claims for $134,831.83 tug charges, (2) $1,560,000 breach of contract damages as they are both not ripe for adjudication, and (3) 164,058,08 in attorney fees and $8,557.48 for expert witness fees in the lawsuit in Panama as the American Rule forecloses such recovery in this action absent a statute, contract or bad faith conduct;
- **DENY in part** Everest Spirit's Interests' motion to join in and supplement Buckeye's motion on VDC Interests' damages, (D.E. 77), as to VDC Interests' $348,999.29 damages in economic off-hire costs;
- **DENY** VDC Interests' request to stay this case or amend the pleadings; and
- **DENY** Everest Spirit's Interests' motion for partial summary judgment on Buckeye's loss of use and repair and replacement cost claims, (D.E. 79).

(D.E. 111, p. 33). VDC Interests, (D.E. 115), and Everest Spirit's Interests, (D.E. 116),

1 / 4

filed written objections.[1] VDC Interests filed a response to Everest Spirit's Interests' objections. (D.E. 117). Buckeye Texas Hub LLC subsequently responded to both Everest Spirit's Interests' and VDC Interests' objections. (D.E. 118). After review, the Court **OVERRULES** the parties' objections, (D.E. 115); (D.E. 116), and **ADOPTS** the M&R, (D.E. 111).

## I. Law

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth Circuit has also authorized district courts to adopt a magistrate's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[2]

---

[1] Everest Spirit also objects to Judge Libby's denial of its motion to exclude the opinion and testimony of Captain Gregory Tylawsky and all other experts relating to the City of Corpus Cristi Inner Harbor Speed Ordinance. (D.E. 116, p. 16–18). A magistrate judge possesses authority to issue rulings on non-dispositive matters. *See DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-CV-1355, 2014 WL 585753, at *1 (S.D. Tex. Feb. 14, 2014) (Harmon, J.). A magistrate judge's decision on a non-dispositive matter must be affirmed unless "on the entire evidence (the Court) is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Upon review, the Court finds no mistake has been committed. Accordingly, the Court **OVERRULES** Everest Spirit's objection to Judge Libby's ruling on its motion to exclude, (D.E. 78).

[2] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. Considering the M&R is at the summary judgment stage, the Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

## II. Analysis

The parties raise several objections to the M&R. (D.E. 115); (D.E. 116). The Court addresses those below.

VDC Interests object to the M&R's recommendation that the Court dismiss their tug charges and FLOPEC breach of contract claims with prejudice. (D.E. 115, p. 1). The M&R found that these damages were "not ripe for adjudication." (D.E. 111, p. 29). "The judicial tool for handling claims that have yet to materialize is to dismiss such claims without prejudice due to lack of ripeness." *Gemini Ins. Co. v. Choice Exploration, Inc.*, No. 3:18-CV-01393-X, 2020 WL 1064844, at *5 (N.D. Tex. Mar. 4, 2020) (Starr, J.) (citations omitted). Because these claims and damages are not yet ripe for adjudication, the Court **SUSTAINS** VDC Interests' objection and **DISMISSES without prejudice** VDC Interests' tug charges and FLOPEC breach of contract claims. After conducting a de novo review of the portions of the M&R to which the parties' other objections are directed, the Court finds no error with the Magistrate Judge's findings and conclusions and **OVERRULES** the remaining objections. (D.E. 115); (D.E. 116).

## III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** the parties' objections, (D.E. 115); (D.E. 116), and **ADOPTS** the M&R, (D.E. 111). Accordingly, the Court:

- **GRANTS in part** Buckeye's partial motion for summary judgment on liability issues, (D.E. 69), and finds Buckeye has no liability for the underlying surge incident, and **DISMISSES** all claims against Buckeye brought by the other parties to this action;
- **DENIES in part** Buckeye's partial motion for summary judgment on liability issues, (D.E. 69), and declines to find at the summary judgment stage that the other party Vessel Interests are liable jointly and severally for Buckeye's provable damages as there is a question of fact as to which issue should be presented at trial;

- **GRANTS** Buckeye's partial motion for summary judgment on VDC Interests' damages, (D.E. 70);
- **GRANTS in part** Everest Spirit's Interests' motion to join in and supplement Buckeye's motion on VDC Interests' damages, (D.E. 77), as to (1) VDC Interests' claims for $134,831.83 tug charges, (2) $1,560,000 breach of contract damages as they are both not ripe for adjudication, and (3) 164,058,08 in attorney fees and $8,557.48 for expert witness fees in the lawsuit in Panama as the American Rule forecloses such recovery in this action absent a statute, contract or bad faith conduct;
- **DENIES in part** Everest Spirit's Interests' motion to join in and supplement Buckeye's motion on VDC Interests' damages, (D.E. 77), as to VDC Interests' $348,999.29 damages in economic off-hire costs;
- **DENIES** VDC Interests' request to stay this case or amend the pleadings; and
- **DENIES** Everest Spirit's Interests' motion for partial summary judgment on Buckeye's loss of use and repair and replacement cost claims, (D.E. 79).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 17, 2026

4 / 4